## ORRANDO P. DEXTER *vs.* WILLIAM E. McCREADY.

Fairfield County, March T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

Reasonable care is care proportioned to the danger to be guarded against.

It is not the duty of the court to instruct the jury that certain facts, if proved, will constitute negligence, but to leave all the evidence to the jury for them to decide upon it whether the conduct in question was that of an ordinarily careful person in the circumstances.

There is no different rule for determining what is negligence in a plaintiff from that which is applied in the case of a defendant.

It is a common and proper practice for the judge, in charging the jury, to state the claims of both parties upon all the questions of fact.

[Argued June 17th—decided July 20th, 1886.]

ACTION for an injury from a collision of the defendant's horse and carriage with the horse and carriage of the plaintiff; brought to the Court of Common Pleas of Fairfield County, and tried to the jury before *Hall, J.* Verdict for the defendant and appeal by the plaintiff for error in the charge of the court. The case is sufficiently stated in the opinion.

*J. S. Seymour*, for the appellant.

*J. B. Hurlbutt*, and *G. Stoddard*, for the appellee.

PARK, C. J.,   The defendant's horse took fright and ran away, and his carriage collided with the plaintiff's horse and carriage in the public street of Norwalk, and the plaintiff's property was injured.

It appears in the case that on the trial of the cause each party claimed that the other was negligent, and that the collision was the result of such negligence.

It further appears that all the questions involved in the case were submitted by counsel to the jury as questions of fact, and that no questions of law were in controversy between the parties.

The counsel for the plaintiff made but one request of the court to charge the jury, which was as follows:—" It was not enough for the defendant to take such care of his horse on a crowded thoroughfare, as would have been sufficient on a lonely country road or on his own land; that in proportion as the probability increased that his horse might be frightened, or might start or be interfered with, and others injured, in that proportion must his care increase."

The substance of this request is, that the defendant was bound to exercise care in proportion to the danger that existed of his horse doing harm to others.   All this is comprehended by the phrase, the defendant was bound to exercise reasonable care in all the circumstances then existing. Reasonable care requires care to be exercised in proportion to the danger of doing harm to others.   Whatever may be the dangerous circumstances, reasonable care must be exercised to prevent harm.   The court charged the jury as follows:—" In deciding whether one exercises ordinary care, the jury will consider all the facts proved, all the surrounding circumstances, and say whether the conduct of such person was that of a person of ordinary prudence and discretion under such circumstances.   In judging whether the defendant was guilty of negligence his conduct should be considered, not only with reference to the facts of which he had actual knowledge and to his actual surroundings at that moment, but in view of what was reasonably likely to happen.   In the means adopted to prevent the escape of his

horse, the defendant was not only bound to consider the character and disposition of his horse, and the fact that he was in the public street, but to anticipate what might naturally happen in such a place, the chance of noises and other occurrences at which his horse might be startled, and the danger to the persons and property of those passing, or who would be likely to be passing or driving in the street, should his horse escape." Surely, the charge of the court was a full response to the request of the plaintiff.

This would seem to put an end to the plaintiff's appeal, for no other requests were made of the court to charge the jury, and all other questions were submitted to them by counsel as questions of fact, except that certain claims were made by the plaintiff's counsel in his argument to the jury regarding ordinary or reasonable care, which were not controverted by the defendant.

But it is said that the court erred in the following charge to the jury:—" It is not the duty of the court to state particular facts as constituting, if found proved, negligence, but to leave all the facts, all the circumstances, to the jury, as the means and evidence by which the jury will decide whether the conduct of the parties was that of ordinarily careful and prudent persons under the circumstances."

Our answer to this claim is, that the plaintiff himself conceded on the trial that the question was one of fact for the jury to determine, and he surely cannot now claim the contrary.

But if the question was properly before us, the case of *Park* v. *O'Brien*, 23 Conn., 576, fully settles the law to be in accordance with the charge of the court. In that case the plaintiff left a spirited horse unhitched and unattended in the public street. The defendant in passing with his horse and carriage jostled the plaintiff's carriage, which caused the plaintiff's horse to run away, and the horse while running overturned the plaintiff's carriage, and inflicted the injury for which the plaintiff complained. On the trial of the cause the defendant requested the court to charge the jury that the plaintiff was guilty of negligence, as a

matter of law, in leaving so spirited a horse in the public street unhitched and unattended. But this court held the law to be otherwise.

Many other cases establishing the same doctrine might be cited from our own court and elsewhere, but the above case is sufficient.

The plaintiff further contends that the court erred in stating to the jury the claims of the defendant regarding the evidence. This is so far from being erroneous that it is regarded as the duty of the court to state the claims of both parties upon all questions of fact that arise in a case, in order that the jury may clearly understand them. Such is the common practice of the courts.

It is further contended that the court erred in giving to the jury the same rule to ascertain negligence in the plaintiff, as the court gave to ascertain negligence in the defendant. We know of no rule that makes a distinction in this regard between the parties in a cause. We think this claim is unfounded.

And, finally, we think the charge of the court regarding all the other claims that have been made is strictly correct, so obviously so that it needs no comment.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.