### MAGINNIS *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.* October 29, 1889.)

NEGLIGENCE—DANGEROUS PREMISES.

Plaintiff, a boy six years old, got on defendant's draw-bridge, when open, by crawling under the gates, and when the bridge was closed his foot was crushed. The gates were 20½ inches from the ground when closed, but were sufficient to protect foot passengers. It did not appear that the gates could have been so arranged as to prevent boys from crawling under them when closed. *Held,* that defendant was not liable for negligence in failing to provide safe gates.

Appeal from trial term.

Action by John H. Maginnis, an infant, by his guardian *ad litem,* against the city of Brooklyn. Judgment for defendant, and plaintiff appeals. For former report, see 1 N. Y. Supp. 522.

Argued before CLEMENT, C. J., and OSBORNE, J.

*William G. Cooke,* for appellant. *Almet F. Jenks,* for respondent.

CLEMENT, C. J. We have carefully examined the record in this case, and conclude that the facts are substantially the same as on the former appeal. 1 N. Y. Supp. 522. It now appears that the plaintiff crawled under the gate, and in that way got upon the bridge; but our decision was not placed solely on the ground that there was no proof on that point, for we then said: "If we assume that the boy did get upon the bridge by reason of the fact that there was a space of sixteen inches between the gates and the surface of the street, even then we think that the complaint should have been dismissed." The proof in the present case is that the space between the gates and the street was 20½ inches, and that they could have been constructed so that such space would have been 8 or 9 inches less. On the first hearing we held that, if the distance was 16 inches, as it then appeared, plaintiff could not recover,

for the reason that there was no proof that the city could have provided a safer gate; and on this hearing we are asked to hold that the city is liable because they did not provide gates that could be lowered so as to leave only a distance of 11 or 12 inches. If the gates had been constructed in the manner in which the counsel for the appellant contends they should have been, the plaintiff, or any other child, would not have been prevented from creeping under them. There is no proof in the case that the gates are not those ordinarily used. We think also that our decision can be placed on another and broader ground. The gates were amply sufficient to protect foot travelers on the highway, and the city was not bound to put up such an obstruction that a boy could not climb over or creep under it. The authorities cited by the corporation counsel seem in point on this question. *Bridge Co.* v. *Jackson*, 59 Amer. Rep. 104, note; *Gavin* v. *Chicago*, 97 Ill. 66; *Gregory* v. *Inhabitants*, 14 Gray, 242. If boys were in the habit of getting on the bridge when it was about to be turned, and were permitted so to do by the keepers, then it may be that the keepers should have exercised a higher degree of care in closing the bridge than otherwise the law would exact of them, so as to avoid injury to those on the bridge, and, if a child was injured, a cause of action might exist against the city for negligence of the keepers; but no such claim was made in the complaint or on the trial of this action. There was no negligence on the part of the city "in providing an insufficient barrier or safeguard to keep children and others off said bridge while the bridge was being swung," as alleged in the complaint. For the reasons above set forth and on our former opinion, we decide that the judgment appealed from must be affirmed, with costs.