MAGGIE C. NORWOOD *vs.* CITY OF SOMERVILLE.

Middlesex.    April 4, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Highway Defect — Notice — Due Care — Instructions — Barrier.*

A notice to a city stated that, on a day named, " while walking on the highway called C. Street," a person " fell into a hole or open trench in said street," and was injured.   At the trial of an action for such injury, it appeared that the plaintiff was hurt by falling into an open trench dug in C. Street by workmen employed by the city for the purpose of laying water-pipes, under the supervision and orders of the superintendent of waterworks of the city ; and that the trench was about fifteen hundred feet long.   There was evidence that, on the day following the accident, the superintendent of waterworks was notified of it, and the place where the plaintiff fell pointed out to him ; that he called at the plaintiff's house and saw her, and was then informed of the accident and the place where it occurred ; and that some of the workmen on the trench heard of the accident on the following day.   The judge declined to rule, as requested by the defendant, that there was not sufficient evidence to go to the jury that there was no intention to mislead the city by the notice given, and that the city was not in fact misled ; and submitted those questions to the jury.   *Held*, that the defendant had no ground of exception.

In an action against a city for personal injuries occasioned to a girl thirteen years old by falling into an open trench in a street, while walking along a path by the side of the trench after dark, the defendant has no ground of exception to the submission to the jury of the question whether the plaintiff was in the exercise of due care, under instructions that the plaintiff's knowledge of the existence of the defect was not conclusive against her right to recover, and that

if she knew the street to be dangerous when she started to go along by the trench, and went on, taking her chances, and was hurt, she could not recover, if she knew and appreciated the danger, and, so knowing and appreciating, voluntarily took the risk of getting hurt.

No exception lies to the refusal to give instructions in the language requested, if they are given in substance.

In an action against a city for personal injuries occasioned to a traveller by falling into an open trench in a street, it is a question of fact for the jury whether barriers erected by the city to protect travellers against the trench were reasonably safe and proper, and whether, after being erected, they were maintained by the city.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in Cedar Street in the defendant city, on November 2, 1889. Trial in the Superior Court, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence, that on November 2, 1889, at about six o'clock in the evening, it being dark at the time, the plaintiff fell into an open trench in Cedar Street, of the depth of about four and a half feet, in front of the house on that street where the plaintiff resided with her parents ; that the lot on which the house was situated was next to a railroad location on the northerly side thereof, and the open trench then extended from near the railroad location northerly in Cedar Street to Warwick Street, a distance of about one hundred and eighty feet, and from the railroad location southerly in Cedar Street to near Highland Avenue, a distance of about one quarter of a mile ; and that Cedar Street was about a mile and a quarter in length in the defendant city, and the trench ran along parallel with the easterly sidewalk and about one third of the way across the street from the sidewalk, which was then covered with the dirt taken from the trench.

It was contended by the defendant that it did not receive due notice in writing of the time, place, and cause of the injury. It appeared in evidence that the following notice, dated November 11, 1889, was duly served on the city clerk of the defendant city on November 19, 1889 : " To the Mayor and Board of Aldermen of the City of Somerville : You are hereby notified that on the second day òf November, while walking on the highway called Cedar Street in said Somerville, and while in the exercise of due care and diligence, I fell into a hole or open trench in said street or way, which had been dug and opened by

the servants and agents of said city and carelessly and negligently left open and unguarded by said servants and agents of said city, whereby, in consequence of said fall caused by said carelessness and negligence, I received severe bodily and mental injury.  Maggie C. Norwood, by her Attorney, Owen A. Galvin, duly authorized."  This was the only written notice which was served upon the city or any of its officers.

It appeared further, that the trench had been dug by workmen employed by the city for the purpose of laying water-pipes for the city therein, under the supervision and orders of one Dennett, superintendent of waterworks of the city, employed as such by the water board department of the city; that the trench had been opened in the vicinity where the accident occurred for several days; and that at the time of leaving off work on the trench (about five o'clock) on the day of the accident Dennett and several workmen were there and saw the trench in that open condition; and they testified that it was guarded by ropes strung on bars and lanterns placed around it and enclosing it, though this was contradicted by witnesses for the plaintiff, who testified that the trench was entirely unguarded at the place where the accident occurred.

It also appeared that on the day following the accident Dennett called at the plaintiff's house and saw her, and was informed by her mother and others of the accident, and where it occurred; that the step-father of the plaintiff on the morning following the accident notified Dennett, pointing out the place where the plaintiff fell, and stating that it was the night before, and that the trench was not guarded; that Dennett called on the plaintiff once afterwards; and that some of the workmen on the following day heard of the accident, but there was no evidence as to who told them of it.

Upon this evidence, the defendant requested the judge to rule, it being admitted that the defendant had not had due notice in writing of the time, place, and cause of the injury, that there was not sufficient evidence to go to the jury that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby.  The judge refused so to rule, and ruled as follows: " The testimony in the case is sufficient to be submitted to the jury on the question of notice, that the jury

may find that the city did have notice of the time, place, and cause of the injury, and that there was no intention to mislead, and as a matter of fact the defendant was not misled by the notice."

It was contended by the defendant that the plaintiff was not in the exercise of due care; and it appeared, upon the plaintiff's evidence, that she was about thirteen years of age. She testified that the trench had probably been there a week, and she knew it was there; that at about five o'clock in the evening of the accident she went out of the house with two younger girls; that the dirt was so piled up as to cover the sidewalk to the height of the fence; that she crossed the trench in front of her door on a bridge consisting of two planks, straight over to the other side, and walked down the sidewalk on that side to the railroad, and then up the railroad on the platform at its side; that she returned down the platform, and, when she reached the first corner of the street and the railroad, as it was muddy in the street at the place where she had crossed before, she crossed over directly from the end of the railroad platform, following a course which people had usually taken in crossing the street at that point, in order to come up by the path by the side of the trench; that there had been a kind of pathway made along and close to the westerly side of the trench by persons passing, and she wanted to go by that way instead of up the westerly sidewalk, so as to avoid the mud; and that in taking that course toward the trench she fell into the trench. Evidence was introduced by the plaintiff to show that, at the time of the accident, the trench was not guarded in any manner, and the lights were not there, and it was dark and rainy.

Upon this evidence, the defendant requested the presiding judge to rule, upon the question of due care on the plaintiff's part, that she had failed to make out her case; and that the evidence was insufficient on this point to warrant a verdict for the plaintiff. But the judge refused so to rule; and the defendant excepted.

The defendant requested the judge to instruct the jury as follows:

" 1. If the plaintiff was familiar with the condition of the street and knew that the trench was there, the jury should take

this fact into consideration, and determine whether, on account of it, she ought to have used increased care in passing over it, or to have avoided it altogether.    2. If the plaintiff voluntarily attempted to pass over this street so near to the trench that she might fall into it, when she knew it to be dangerous, or by the exercise of reasonable care might have known it to be dangerous so to do, and when she might easily have avoided it, she cannot maintain an action against the city for the injury occasioned thereby.    3. The fact that the street near that sidewalk, which was opposite to her house, and said sidewalk, were in such condition that they could have been used safely and conveniently, tend to prove a want of due care on the part of the plaintiff.    If a person knows a way to be dangerous when he enters upon it, he cannot in the exercise of ordinary prudence proceed and take his chance, and, if he shall actually sustain damage, look to the city for indemnity.    4. The real point is, whether the plaintiff knew or had reason to believe that the road was dangerous when she entered on it, or before she had reached any dangerous place. If so, she could not, in the exercise of ordinary care, proceed and take her chance, and, if she should actually sustain damage, look to the city for indemnity.    5. If, knowing that the trench was there, and that she could easily have walked along by the sidewalk to a point opposite her house in the same way in which she had come from it, she nevertheless chose voluntarily to cross over directly to the side of the trench for the purpose of walking up by the side of it with the intention of avoiding the mud, or for any other purpose, and thereby she fell into it, she assumed the risk of such proceeding, and cannot hold the city responsible for injuries occasioned thereby.    6. Unless the plaintiff, without knowledge or reasonable notice of the danger, and in the use of such ordinary care and caution as a person of ordinary care would use in avoiding the dangers of travelling, sustain damage from the defect, she cannot recover.    7. Residence and knowledge would be evidence tending to show carelessness on her part.    8. The stretching of a rope around the trench at a distance of two feet from the edge of the trench and at a height of three feet above the ground, supported by iron posts driven into the ground, and with lanterns upon the posts sufficiently near to each other to give notice to travellers that

there was an obstruction there, would be a sufficient and suitable barrier to be erected by the city and prevent liability on its part."

The judge declined to give the instructions requested, and, among other things, instructed the jury as follows:

" In passing upon this question of due care on her part, ordinary care, reasonable care, — they are all convertible terms, — what she knew about the place — that is, about this street, or what was going on, or what had been done there — that is, the general situation of everything — is an element. How much it shall weigh in your minds must be for you to say. It might be proper for me to state also that it is an appreciable element in the case. So I instruct you that her previous knowledge of the trench, and residence on the street in which it was dug, are not conclusive against her right to recover. You are to say, in view of all the evidence as to her previous knowledge, whether the care used by her was such as she ought reasonably to have exercised. The burden of proof is upon her to satisfy you that at the time of the injury she exercised ordinary care, that is, such care as a girl of like age and intelligence would exercise, reasonably prudent and careful, under like circumstances; and, in passing upon this question, her previous knowledge of the trench, her residence near it, her observation of the street and of the ropes, of the barrel or lanterns near it or around the trench, may all be considered by you in passing upon this issue. If, however, you are satisfied that she knew the street to be dangerous when she started to go along by the trench and went on, taking her chances, and was hurt, she cannot recover. But you must be satisfied that she knew and appreciated the danger, and, so knowing and appreciating, voluntarily took the risk of getting hurt.

" It was the duty of the defendant, either by lights, ropes, or in some other way, to provide a reasonable safeguard to protect travellers from falling into the trench. It is purely a question of fact for you to say whether such barriers or safeguards were put up by the city around this trench as were reasonably necessary; that is, such as were required by the situation of the street, the open trench, and the usual public travel at this place. Did the defendant do what was reasonably required of it in

guarding this trench? . . . You are to bear in mind, in passing upon this question, that the issue here raised between the parties is, first, if they were put up; and, after being put up, were they maintained. Because it is necessary not only to put up, but to maintain thereafter. If the city put and maintained around the trench the ropes, bars, and lanterns, as it said it did, was that reasonably safe and proper? That is the first division of this proposition. If you find that it was reasonably safe and proper under all the circumstances of the case, then the next question is, Did it maintain them at that place where the injury is said to have occurred? If it was not reasonably safe and proper, then, of course, you will answer that question in the negative, — the defendant did not do what was reasonably required of it in guarding this trench."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. Z. Bowman*, for the defendant.

*O. A. Galvin & J. F. Sweeney*, for the plaintiff.

BARKER, J. 1. The presiding justice was right in refusing to rule that there was not sufficient evidence to go to the jury, that there was no intention to mislead the city by the notice given, and that the city was not in fact misled, and in submitting those questions to the jury. There was evidence that the plaintiff was hurt on the second day of November, by falling into an open trench dug by workmen employed by the city for the purpose of laying water-pipes, and under the supervision and orders of the city superintendent of waterworks. The notice did not specify the place of injury, except by stating that the plaintiff fell into this trench in Cedar Street, and it appears that the trench was so long as to make this specification indefinite. But there was also evidence that on the day following the accident the superintendent of waterworks was notified of it, and the place where the plaintiff fell pointed out to him, and that he called at the plaintiff's house and saw her, and was then informed of the accident and of the place where it occurred, and also that some of the workmen on the trench heard of the accident on the following day. The city introduced no evidence that it was in fact misled, or that its street authorities or law officers remained in ignorance of the accident. While notice to the

superintendent and to the workmen may not have been notice to the city, the jury might, under these circumstances, find that there was no intention to mislead, and that the city was not in fact misled.

2. The question whether the plaintiff was in the exercise of due care was properly submitted to the jury, and the instructions given upon this branch of the case were accurate and were sufficiently full. The jury were properly told that the plaintiff's knowledge of the defect was not conclusive against her right to recover, and that if she knew the street to be dangerous when she started to go along by the trench, and went on taking her chances and was hurt, she could not recover if she knew and appreciated the danger, and, so knowing and appreciating, voluntarily took the risk of getting hurt. These instructions were at least sufficiently favorable to the defendant. See *Pomeroy* v. *Westfield*, 154 Mass. 462, and cases cited.

3. So far as the defendant's request for rulings were directed to the question of the plaintiff's care, and were correct in law, they were covered by the instructions given; and the principle that no exception lies because they were not given in the language of the defendant's prayers, is too familiar to require the citation of authorities. The presiding justice is to state the law in his own way, and is not required to adopt and to repeat to the jury statements either devised or adapted for the purpose of giving emphasis to some particular portion of the evidence or line of argument.

4. The instructions given as to the guarding of the trench were correct in law, and adapted to the state of the evidence upon that branch of the case, and the presiding justice, for reasons already stated, was not required to charge the jury that such barriers as were testified to by the defendant's witnesses would relieve it from liability.

*Exceptions overruled.*