PASQUALE TRASACCO *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 21st—decided June 22d, 1931.

*Samuel Campner,* with whom was *George E. Gordon,* and, on the brief, *Everett B. Morris,* for the appellant (plaintiff).

*Fleming James, Jr.,* with whom, on the brief, was *Edward R. Brumley,* for the appellee (defendant).

HINMAN, J. On April 29th, 1929, the defendant was engaged in repairing a portion of the Olive Street bridge over its tracks, in New Haven. The bridge runs approximately north and south, with a roadway twenty-nine feet in width in the center, and a walkway seven to eight feet wide on each side. The repair in progress at the time consisted in renewing the planking of the west walkway, at the northerly and southerly entrances of which a plank and red flag had been placed. The old planks of this walkway had been torn up for a considerable distance and, at the time, a space about thirty feet long was open, in which new planks had not been laid. Between the roadway and the walkway were iron girders, part of the superstructure of the bridge, consisting of a horizontal girder, ten inches wide, the top of which was twenty-eight and one half inches above the floor of the bridge and, above it, diagonal girders forming triangular spaces eleven feet four inches long at the base. Parallel with the horizontal girder and seven and one half inches from it, on the side next the roadway, was a pipe sixteen inches in diameter, resting on blocks, the evidence as

to the height of which varied from one half inch to six inches. The total width, from the westerly side of the girder to the easterly side of the pipe was thirty-three and one half inches. At the time of the accident a gang of about six men was working on the repairs and another employee of the defendant, an electric lineman, was standing on the iron pipe, near the point where the plaintiff fell, for the purpose of safeguarding the workmen from high tension wires which ran under the bridge.

The plaintiff claimed and offered evidence that he, at that time thirteen years of age, with another boy was on his way home from school, walking on the west sidewalk of Olive Street; on approaching the bridge from the north they saw the west walkway blocked, and instead of crossing over to the east walkway, which was open, proceeded on the roadway of the bridge alongside the pipe above-mentioned; while so crossing the bridge, in order to escape an automobile as hereafter stated in more detail, both boys jumped up on the pipe; plaintiff's companion caught hold of one of the diagonal girders, but the plaintiff lost his balance and fell through the aperture in the walkway onto the tracks below, sustaining serious injuries. The defendant offered evidence that the plaintiff came out of the yard of his home, south of the bridge, ran upon the roadway of the bridge and jumped or stepped on the pipe; that there was no automobile on the bridge at the time, and no child other than the plaintiff; and that none of the defendant's servants knew of his presence until he fell.

The appellant argues in support of his appeal from the denial of his motion to set aside the verdict, that the physical facts pertaining to the locus of the injury, especially the claimed insufficiency of the protection along the side of the portion of walkway under repair

afforded by the pipe and the girder, so conclusively established negligence on the part of the defendant in failing to provide additional safeguards, that the jury could not reasonably have exculpated the defendant. The sufficiency of the protection to meet the requirements of reasonable care under the circumstances apparently was the most important question in the case, but the barrier formed by the pipe and the girder was not so manifestly and indubitably inadequate, in view of the general situation, as to render the lack of further obstructions negligent as a matter of law or to preclude the jury from absolving the defendant from negligence in that respect. *Donnelly* v. *Rochester,* 166 N. Y. 315, 319, 59 N. E. 989; *Norwood* v. *Somerville,* 159 Mass. 105, 112, 33 N. E. 1108. It is beyond a proper exercise of our functions to overrule the verdict on the ground above mentioned or for any of the subsidiary reasons also advanced.

All of the additional reasons of appeal are defective in form in that they are framed as a *quære* ("whether the court erred"), a practice of which we have repeatedly disapproved. *Stamford Extract Mfg. Co.* v. *Stamford Rolling Mills Co.,* 101 Conn. 310, 311, 125 Atl. 623. However, in the exercise of our discretion, we consider the assignments on their merits, entertaining a hope that compliance with the forms annexed to the new Rules for Appellate Procedure (Insert, Practice Book, p. 306) may minimize future occasions for criticism. The appellee also alleges a breadth and indefiniteness of certain of the assignments which it claims, with some apparent reason, embarrassed and misled it in meeting the appeal.

The appellee seems to have construed the first of these assignments as questioning the accuracy of the charge as to the legal requirement concerning notice of the closing of the walkway on the bridge to the

public, and prepared its brief accordingly. It develops, however, that the appellant's criticism relates to inadvertent references by the trial court to closing of the "street." There was no claim or evidence that any portion of the bridge other than the west sidewalk was closed, and, reading the entire portion of the charge on the subject, we recognize no reasonable possibility that the slight and partial confusion of terms complained of could have misled the jury in any material respect.

The next error alleged relates to an instruction, in connection with the duty of the defendant to maintain signs and barriers, that such duty did not require the maintenance of a barrier "that could not be climbed over, jumped over, or gone around." The trial court charged, correctly, that the test of the sufficiency of protection provided was whether the barriers were such as a reasonably prudent person would have erected and whether such a person would have erected barriers between the sidewalk and roadway of the bridge, in addition to the pipe and girder, and this instruction was so frequently and emphatically repeated that the jury could not have misapprehended the true applicable rule. The qualification complained of, that barriers, to satisfy the test, need not be insurmountable was sound. *Carey* v. *Kansas City*, 187 Mo. 715, 728, 86 S. W. 438; *Gavin* v. *Chicago*, 97 Ill. 66, 71; *Maginnis* v. *Brooklyn*, 7 N. Y. Supp. 194, affirmed 126 N. Y. 624, 27 N. E. 852. Moreover, there immediately followed a repetition of the general rule: "As I have said at the very outset and through the charge, the governing question is whether or not this defendant acted as a reasonably prudent person would have acted."

The record discloses that the occasion for reference in the charge to the principle of *"falsus in uno, falsus in*

*omnibus"* was by no means confined to the single contradiction mentioned in connection with the reason of appeal pertaining thereto, and the defendant, equally with the plaintiff, was exposed to the possibility of disadvantage accruing from its application, dependent upon which of conflicting versions was credited by the jury.

The plaintiff offered evidence that as he and his companion were walking along the roadway of the bridge, an automobile came out of an intersecting street at the south end of the bridge and turned north onto it and in so doing swung over to the west side of the roadway; that another car, traveling from the north at a fast speed, in order to avoid a collision, came so close as to cause the boys, on discovering its approach behind them, to jump upon the pipe to avoid being struck. The charge as to this feature of the case (to which no exception is taken) was to the effect that if it be found that both the driver of the automobile and the defendant were negligent and that the two causes combined produced the injury, the negligence of the former would not relieve the latter from liability.

To an invitation by the court for suggestion as to any claimed omissions from the charge, counsel for the defendant responded, obviously referring to the portion we have just mentioned: "There was a reference to the possible negligence of an auto driver, and a statement that that in no way affected the liability of the defendant railroad company. You were then discussing proximate cause. Would it be possible for your honor to explain further to the effect that such negligence of a third party might affect the liability of the railroad company in respect to foreseeability? The statement which your honor made is a little broad." The court. "I intended to convey just what you said."

Mr. Brumley. "I did not get it." The court. "I don't know that I said it. It might be true, gentlemen, that what I said with reference to the auto driver—it might be, of course, as Mr. Brumley said, that it might affect the liability of the railroad in producing an unforeseen occurrence. That is, an unanticipated one. What I meant to say was this, that the negligence of the auto driver by itself would not relieve the railroad company from liability for negligence, excepting in [the] event that it produced an unanticipated condition."

The statement last quoted is assigned as error, the objection indicated by the reason of appeal being that the previous instruction, above mentioned, on the subject of concurrent negligence, was thereby rendered nugatory or modified to an inadmissible extent, and the appellee has addressed its brief to this ground. It is apparent, however, that the point of counsel's suggestion was not that the instruction as to proximate cause was defective, as such, but that it might convey an impression that negligence on the part of the automobile driver would not affect the question of whether the railroad company was negligent, whereas the duty of the latter, as to provision against a situation such as that claimed to have been created by the former's negligence, depended upon whether the occurrence reasonably should have been foreseen. The appellant now appears to so construe the colloquy and supplementary instruction and his claim, in brief and argument, is that the effect was to permit the jury to absolve the defendant from negligence and consequent liability unless the situation created by negligence of the automobile driver was in fact anticipated by the defendant, whereas the defendant's conduct is to be measured by the conditions which a reasonably prudent person would have foreseen.

The quotation referred to, standing by itself, would

at least be open to the interpretation contended for, but the proposition is too familiar to require repetition or citation that the meaning and potential effect of instructions to the jury are to be judged by the charge taken as a whole. As to the duty by which negligence is to be measured, the trial court had charged with ample elaboration and repetition. "The governing consideration is what the party sought to be charged should reasonably have foreseen, the rule being that one is bound to anticipate the reasonable and natural consequences of his own conduct. One is charged with knowledge or notice of what a reasonably prudent person would have foreseen, and is negligent if he fails to use the care necessary to avoid danger which should have been anticipated, but not under any duty to anticipate what a reasonably prudent person would not have anticipated, or chargeable with negligence in failing to provide against danger which such a person would not have foreseen, or against injury which it could not reasonably have foreseen would naturally or probably follow. One is not bound to foresee every possible injury which might occur, and negligence cannot be predicated upon an act or omission from which there was no reason to anticipate that injury of any kind might result, . . . but if the consequences might have been reasonably foreseen, the fact that a similar accident had never before happened does not necessarily repel the charge of negligence."

Again, at a later stage, in discussing the specific issue as to whether the defendant was negligent in not providing further protection along the roadway: "It is for you, gentlemen, to determine from all the evidence whether this defendant acted as a reasonably prudent person would have done; whether the barriers were what a reasonably prudent person would have erected; . . . whether such a person would or would

not have erected any more along the roadway, and whether such a person would have anticipated what occurred. In determining these questions you will bear in mind what I have said as to the rules governing negligence and that through the case runs the rule of reasonable conduct." These instructions were as favorable to the plaintiff as he could ask or expect. *Dexter* v. *McCready,* 54 Conn. 171, 172, 5 Atl. 855; *Smith* v. *Milford,* 89 Conn. 24, 30, 92 Atl. 675; 45 Corpus Juris, p. 698. He does not claim otherwise. We cannot accede to the proposition that the force and effect of these formal, clear and emphatic expositions of the rule requiring care proportionate to the situations and consequences reasonably foreseeable could have been impaired, to the appellant's harm, by the casual and obviously inadvertent grammatical inaccuracy complained of, especially when occurring in an informal and necessarily impromptu response to suggestion by counsel. The same is true as to the single reference to "unforeseen occurrences" in an earlier portion of the charge, mentioned in the third reason of appeal.

Those of the requests to which the plaintiff was entitled were sufficiently covered in the charge.

Professor Cox of the Sheffield Scientific School, called by the plaintiff, having testified to an inspection of the bridge in question and expressed an opinion that the pipe and girder afforded no protection to travelers across the bridge, and that additional protection was required, was asked: "Assuming all the facts that you heard as to the condition of the bridge, I ask you whether, in your opinion, the bridge in that condition would require railings or rope or other barrier along the side of the trusswork, in order to render public travel reasonably safe." The form of the question, it being based merely upon "facts as testified to," brought its exclusion within the discretion of the court.

*Di Biase* v. *Garnsey,* 106 Conn. 86, 89, 136 Atl. 871. If, as appears, it is to be construed as calling for an opinion that protection in addition to the pipe and girder was required, it was repetitious, the witness having already testified to that effect. If it sought to elicit an opinion as to the form and nature of such further protection, its admissibility was dependent upon the possession by the witness of such special knowledge or experience as to qualify him to give an opinion of value on this particular subject, and this the record does not so establish as to enable us to hold that the trial court erred in ruling to the contrary. *Taylor* v. *Monroe,* 43 Conn. 36, 44; *Currelli* v. *Jackson,* 77 Conn. 115, 124, 58 Atl. 762.

A medical witness, testifying as to the plaintiff's injuries, was inquired of on cross-examination, over plaintiff's objection, by resort to a transcript of testimony in another case before a compensation commissioner, whether he had testified therein that he examined a person's teeth and found them in good condition, although it afterward developed that the person had no lower teeth. Since the testimony of this witness related only to damages, a question which the jury did not reach, this method of attack upon his credibility, if erroneous, was harmless. *Atwood* v. *Connecticut Co.,* 82 Conn. 539, 547, 74 Atl. 899.

There is no error.

In this opinion HAINES, BANKS and AVERY, Js., concurred.

MALTBIE, C. J. (dissenting). I am not able to agree with that portion of the opinion which deals with the final statement of the trial judge to the jury, that the negligence of the driver of the automobile which turned the corner onto the bridge would not relieve the

defendant from liability except in the event that it produced "an unanticipated condition." The request of defendant's counsel for further instruction, while inaptly phrased, referred to a portion of the charge which dealt with proximate cause and the trial judge's statement was also addressed to proximate cause. Where the question is as to the existence of negligence, it may become material, even controlling, to determine whether the person charged with it should have reasonably anticipated the conditions which in fact arose. But proximate cause is not determined by thus putting oneself in the position of the actor and looking forward, but by looking at the events after they have occurred and determining whether the negligence was a substantial factor in producing the injuries complained of. *Mahoney* v. *Beatman,* 110 Conn. 184, 188, 202, 147 Atl. 762. Whether or not the defendant anticipated the way in which the driver of the car turned upon the bridge would not be the test even of negligence; what it ought reasonably to have anticipated in the way of such an occurrence might have been. As regards proximate cause, whether or not the conduct of the driver was anticipated would not be at all the determining factor. The statement of the trial judge was clearly erroneous. Coming as it did, as the very last word to the jury, I cannot regard the error as harmless. The jury went out with the statement of the trial judge fresh in their minds, amounting to a charge that if the defendant did not anticipate the conduct of the driver of the automobile, it would not be liable, and the chances are too great that this became a determining factor in the disposition of the case to pass the error over.