CATHERINE GROSS *vs.* LOFT, INCORPORATED.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 14th—decided May 14th, 1936.

*Charles H. Blackall*, for the appellant (defendant).

*Jacob Schwolsky*, for the appellee (plaintiff).

MALTBIE, C. J.  The finding, although in certain respects going somewhat beyond the evidence, cannot be corrected in any respect materially affecting the issues upon this appeal.  From it the following facts appear: The mother of the plaintiff purchased for her from the defendant a bar of nut chocolate which it had manufactured.  The mother took it to the plaintiff's home and gave it to her.  The plaintiff placed it in a refrigerator till later in the day, when she took it out, removed the foil wrapping which was about it and broke it into pieces, so that she and some guests might eat it.  While she was eating a piece her tongue was injured by a pin so imbedded in the candy that it would not be perceived by anyone before placing it in the mouth.  The injury caused a small granular tumor to develop, required medical treatment, and the plaintiff suffered pain, discomfort and anxiety; and the tumor has reappeared, making it probable that a surgical operation will be necessary.

The complaint was in two counts, one based on negligence and the other on breach of warranty, and the trial court found for the plaintiff upon both counts. It is necessary, however, only to consider that count based on negligence.  The defendant offered no evidence as to the process, care or supervision used in the manufacture and handling of its products.  The

conditions which justified the trial court under the doctrine of res ipsa loquitur in inferring negligence on its part were all present, unless it be by reason of the fact that, after the delivery of the candy to the plaintiff's mother, it passed out of the control of the defendant. *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 121, 167 Atl. 90. In view of the fact that the bar of candy continued in the foil covering until the plaintiff unwrapped it to serve her guests, that the candy was then placed in a dish and at once passed to them, and that the pin was embedded in the chocolate, the conclusion that it was in the candy when the bar left the defendant's possession and that nothing thereafter done affected that condition is not only reasonable but almost necessary. The case is quite analogous in this respect to the *Jump* case and the trial court was amply justified in inferring negligence on the part of the defendant in permitting the pin to become imbedded in the chocolate in the process of the manufacture of the candy. *Doyle* v. *Continental Baking Co.*, 262 Mass. 516, 518, 160 N. E. 325; *Tonsman* v. *Greenglass*, 248 Mass. 275, 278, 142 N. E. 756; *Davis* v. *Van Camp Packing Co.*, 189 Iowa, 775, 797, 176 N. W. 382; *Hertzler* v. *Manshum*, 228 Mich. 416, 423, 200 N. W. 155; *Rozumailski* v. *Philadelphia Coca-Cola Bottling Co.*, 296 Pa. St. 114, 145 Atl. 700; *Coca-Cola Bottling Co. v. McBride*, 180 Ark. 193, 20 S. W. (2d) 862; *Rudolph* v. *Coca-Cola Bottling Co.*, 4 N. J. Mis. R. 318, 132 Atl. 508. The plaintiff had no reason to suspect the presence of the pin and no conclusion would be reasonably possible other than that she was not guilty of contributory negligence.

The damages awarded, $1250, cannot be deemed to be unreasonable in amount, in view of the likelihood that a further operation will be necessary, with the

physical and mental suffering and distress which will necessarily accompany it.

There is no error.

In this opinion the other judges concurred.