GEORGE V. BAGRE *v.* THE DAGGETT CHOCOLATE COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 9—decided June 7, 1940.

*Maxwell H. Goldstein,* with whom, on the brief, was *T. Holmes Bracken,* for the appellant (defendant).

*Isadore Chaplowe,* with whom, on the brief, was *Vincent P. Dooley,* for the appellee (plaintiff).

BROWN, J. The finding is attacked by the appeal but cannot be corrected in any respect materially affecting the issues which determine it. In so far as the defendant's liability is concerned these material facts, summarized in part, appear from the finding. In a bingo game which the plaintiff had paid a fee to enter, he won a box of chocolates manufactured by the defendant. Several days later, on January 18, 1938, the plaintiff opened the box, took out a chocolate caramel and started to chew it. Within a second or two he bit into a hard metallic substance which broke off one of his upper teeth. Nothing in the appearance of the caramel indicated there was anything wrong with it. From the time the box left the defendant's factory until opened by the plaintiff, the candy continued in the original sealed cellophane-wrapped package and as received by him was just as shipped by the defendant. The hard substance was

a silver amalgam filling from a tooth, but at the time none of the plaintiff's teeth had been filled and the filling came from no tooth of his. The breaking of the plaintiff's tooth killed the nerve, causing an abscess. January 28, 1938, the tooth began to give trouble and after a futile attempt to save it, was extracted February 2, 1938. The injury to the tooth affected the plaintiff's health, interfered with his work, and necessitated expense for dentist and doctor. The entire process of manufacturing the candy, including inspection, packing and wrapping, was in the exclusive control of the defendant, and was conducted in its large plant employing eight hundred and fifty workers and utilizing modern machinery. This process included the passing of the cooked molten mass used to form the caramel centers through a three-sixteenths inch mesh screen, and inspection at various stages by nine different employees prior to the wrapping of the filled box, they being charged with the duty of eliminating all candies which their visual examination disclosed as imperfect or as containing any foreign substance. The devices and appliances used in the manufacture of this caramel were inadequate and ineffective to exclude the metallic substance therefrom and the defendant's employees failed to so perform their duties as to accomplish this result; the fragment was in the caramel when it left the defendant's possession and control; and nothing happening subsequently affected or altered that condition. The court concluded that the defendant was negligent in manufacturing this caramel with the metallic substance in it, that its negligence was a substantial factor in producing the plaintiff's injuries, and that he was free from contributory negligence.

The defendant's principal claim is, that even though not entitled to a correction of the finding, the court's

conclusion that it was negligent is unwarranted. Its contention amounts to this, that having established the care and supervision used in the manufacture and handling of its products, the doctrine of res ipsa loquitur loses all probative force and all its potency to set up any presumptions or inferences of negligence, and, to all intents and purposes, drops out of the case; and that the plaintiff must then bear the burden of proving negligence in the usual manner without benefit of any such presumptions or inferences. The cases of *Gross* v. *Loft, Inc.*, 121 Conn. 394, 185 Atl. 80, and *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 167 Atl. 90, are relied upon in support of this proposition. In the former case where it appeared that the plaintiff was injured by eating a chocolate bar purchased of the defendant containing a pin within it, and the defendant offered no evidence of the process or care used in manufacturing it, we held that the doctrine was applicable justifying the trial court's inference of negligence upon the part of the defendant. In the latter case where the plaintiff claimed to have been injured by the premature explosion of a blast due to a defect in a fuse manufactured by the defendant causing it to be "quick burning," and the defendant offered uncontradicted credible evidence showing its method of manufacture and that thereunder it was impossible to produce a fuse of that nature, we held that a verdict against the defendant was unwarranted. The defendant argues that by virtue of these decisions, had it offered no evidence of the process and precautions employed by it in manufacturing this candy, the court under the res ipsa loquitur doctrine might have inferred that it was negligent but that having established these facts as found by the court such inference is precluded.

This misinterprets the ratio decidendi of the *Jump*

case and indicates a misconception of the operation of this doctrine. As is clearly stated at page 115 of the opinion in that case, because of the fact that the defendant's evidence established as an indisputable physical fact that the claimed defect in the fuse could not have been due to its fault, no real question of conflict of evidence concerning which reasonable minds could reasonably differ remained for the jury's determination. No such situation is presented in this case. The fact that the defendant employed modern machinery, provided for repeated inspections, and utilized other precautions as shown by the finding, does not eliminate the possibility of negligence by an employee in permitting the fragment to get into the candy mix or in failing to discover it after it was there. Upon the facts found, the doctrine of res ipsa loquitur applies. *Jump* v. *Ensign-Bickford Co.*, supra, 121, 122. This does not mean that an inference of negligence must be made by the trier but that it may be. While its significance as such is confined to the establishment of a prima facie case, yet as we have said of a case tried to the jury: " 'When the case goes to the jury, the doctrine as such has no further application, but the facts upon which that application depends remain in the case to be considered alone or with other proven facts as the basis for an inference of negligence.' *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 Atl. 606; *Fallo* v. *New York, N. H. & H. R. Co.*, 123 Conn. 81, 86, 183 Atl. 2." *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 330, 199 Atl. 550. So here all of the facts found by the court were available as a basis for its inference of negligence by the defendant. This is a reasonable inference from these facts and therefore cannot be disturbed. A case on all fours in so far as the plaintiff's principal claim is concerned, holding that the trier "may infer negligence, from the

presence of a foreign substance in food," which points out that the great weight of authority is to this effect and contains a voluminous citation of these authorities, is *Quinn* v. *Swift & Co.*, 20 Fed. Supp. 234. Other cases directly in point are: *Rozumailski* v. *Philadelphia Coca-Cola Bottling Co.*, 296 Pa. St. 114, 145 Atl. 700; *Bissonette* v. *National Biscuit Co.*, 100 Fed. (2d) 1003. See also Notes: 105 A. L. R. 1041; 47 A. L. R. 150; and 4 A. L. R. 1560.

Although where it is necessary to understand clearly the court's ruling, we may read its memorandum of decision (*Valluzzo* v. *Valluzzo,* 104 Conn. 152, 156, 132 Atl. 406), we have no occasion to resort to this course upon the record before us. Nor can an apparently inadvertent reference in the memorandum to the "burden of disproving negligence" as resting upon the defendant under certain decisions cited, be construed to disclose error, as the defendant claims. It was within the court's discretion to exclude the defendant's question of its expert witness predicated on "the testimony that you have just heard." *Di Biase* v. *Garnsey,* 106 Conn. 86, 89, 136 Atl. 871; *Trasacco* v. *New York N. H. & H. R. Co.,* 113 Conn. 355, 363, 155 Atl. 493. Its exclusion did not constitute reversible error. The claimed error in the court's refusal to permit counsel to argue the "questions of fact raised by the evidence" lacks the essential support by a finding and cannot avail the defendant. The defendant's contention based upon lack of a finding that it should have adopted some process other than it did, urged as essential to afford a standard of reasonable care, is without merit, for as already suggested, regardless of the method adopted, negligence of its employees in carrying it out would be the negligence of the defendant as their employer. That the plaintiff won this box of candy through participation in a bingo game in

violation of law, in the absence of any causal relation between this illegal act and the injury, is no bar to his recovery. *Broschart* v. *Tuttle,* 59 Conn. 1, 15, 21 Atl. 925; *Currelli* v. *Jackson,* 77 Conn. 115, 121, 58 Atl. 762; *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 342, 158 Atl. 906. The finding contains sufficient facts to warrant the amount of damages awarded.

There is no error.

In this opinion the other judges concurred.