RAFFIE SAPIENTE *v.* BENJAMIN WALTUCH.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 5—decided October 3, 1940.

*Manuel S. Sachs,* with whom, on the brief, was *Joseph I. Sachs,* for the appellant (defendant).

*John Henry Sheehan,* with whom, on the brief, was *George W. Chisaki,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff claimed that she was made ill by eating macaroni infested with weevils. The only question on this appeal is whether the court erred in refusing to set aside the verdict as against the evidence and as excessive.

The evidence, considered in the light most favorable to the plaintiff, disclosed the following facts: On July 23, 1938, the plaintiff, a housewife, went to the grocery store of the defendant and asked for three packages of assorted macaroni. Three packages of the V. La-Rosa & Sons brand were delivered to her, she paid for them and took them home. She was familiar with this brand but asked for no special kind. When she reached

home she cooked a portion for herself, put some butter on it and ate it. Shortly thereafter she became ill and vomited. On inspecting the macaroni she found it was full of little black bugs. Her illness continued for some time and she was under the care of a doctor. The next day her husband consulted a lawyer and on August 17, 1938, the latter notified the defendant.

In support of his claim that the verdict should have been set aside, the defendant contends (1) that the plaintiff did not rely on the defendant's skill or judgment, (2) that there was a contract to sell a specified article under its patent or trade name, (3) that she failed to give the requisite notice, (4) that there was no evidence that the bugs caused her illness, (5) that the plaintiff was guilty of contributory negligence and (6) that the damages were excessive.

No extended discussion of the first two claims is necessary. The facts which the jury could reasonably have found, considered in the light of General Statutes, § 4635, subdivisions (1) and (4) negative the claims of the defendant in this regard. They show that there was no contract to sell a specified article under its trade name and that the plaintiff relied on the skill and judgment of the defendant. *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 256, 161 Atl. 385.

The injury occurred July 23 and notice was mailed the defendant by the plaintiff's attorney on August 17th. While the statute (General Statutes, § 4669) requires that notice be given within a reasonable time, the jury could reasonably have found that, under the circumstances, notice in a little over three weeks was a compliance therewith. "Where the question whether proper notice was given depends upon the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect

of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." *Truslow & Fulle, Inc.* v. *Diamond Bottling Corp.*, 112 Conn. 181, 188, 151 Atl. 492. The issue of notice in this case falls within the latter classification.

The sequence of events, according to the plaintiff, was that she ate the macaroni, became violently ill and then saw the bugs. Her doctor testified that her illness resulted from the effect of the sight of the bugs after she had eaten the macaroni rather than from eating them. The jury were entitled to believe the plaintiff rather than her doctor and to find that the plaintiff's illness resulted from eating the macaroni. *Frisbie* v. *Schinto,* 120 Conn. 412, 414, 181 Atl. 535. See also *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 Atl. 144. The circumstances were not such as to render expert testimony either essential or conclusive. *Gannon* v. *Kresge Co.,* 114 Conn. 36, 38, 157 Atl. 541; 2 Wigmore, Evidence (3d Ed.) § 568.

The plaintiff's version is set forth in the complaint and it supports a recovery on this ground. It alleges that the macaroni was unfit for human consumption in that it was wormy and injurious to anyone eating it, that the plaintiff ate some of it and "as a result thereof became violently ill, suffered gastronomic disturbances, became highly nervous and suffered great pain and mental anguish." The defendant claimed and offered evidence to prove that macaroni in this condition was not harmful but the jury was not bound to accept this testimony in view of the description of the macaroni by the plaintiff and the result produced. The fact that the plaintiff was of a nervous temperament does not help the defendant. He took her as he found her. *Flood* v. *Smith,* 126 Conn. 644, 647, 13 Atl. (2d), 677, 679.

The claim of contributory negligence was not

pressed in argument and is without merit. *Gross* v. *Loft, Inc.*, 121 Conn. 394, 396, 185 Atl. 80.

The plaintiff vomited repeatedly, was made nervous and apprehensive, was treated eight times by a doctor and had to put her baby on a bottle. We cannot say that the one hundred dollars awarded her was excessive. The further claim of the defendant that the measure of damage was the difference between the cost of the macaroni and its actual value is answered by Judge Cardozo in *Ryan* v. *Progressive Grocery Stores, Inc.*, 255 N. Y. 388, 395, 175 N. E. 105: "The rule is not so stubborn . . . The measure is more liberal where special circumstances are present with proof of special damage." (Quoted in the *Burkhardt* case, supra, 264.)

The trial court correctly denied the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.