On April 28, 1945, Margaret Nocera, wife of the plaintiff, went to the defendant's grocery store and purchased some baked beans which were packaged in a sealed container. The container was made of glass. The defendant operates a so-called self-service store. Packaged articles are displayed on shelves and customers take what they want from the shelves and take them to the cashier, who collects the purchase price and delivers the articles purchased to the customer. On this day Mrs. Nocera chose a jar of baked beans which was displayed on a shelf together with other jars of baked beans. She made a random choice without particular regard to brand or trade-mark.
After arriving at home, she opened the jar of beans in a normal manner, emptied the contents and served them to her husband; Michael Nocera, the plaintiff herein, in a separate dish. *Page 175 
While eating these beans the plaintiff felt a sharp pain in his mouth. He found that a jagged piece of glass had become embedded in the region of his left cheek, causing the claimed damage. This piece of glass had broken off from the inside of the jar and became mixed with the contents as they were served. The presence of this fragment of glass in this jar of beans was not caused by any act on the part of the plaintiff or his wife. The plaintiff seeks to recover from the defendants, claiming an implied warranty that this jar of beans was fit for use as food under the provisions of subdivision (1) of § 1276e, Cum Sup. 1939, which is a part of the Sales Act. This section reads as follows: —
"(1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose, and such warranty shall extend to all members of the buyer's household; ..."
It is found that the defendant sold this jar of beans to the plaintiff's wife and that the plaintiff is a member of the buyer's household. Although the buyer did not expressly make known to the defendant the particular purpose for which the beans were required, it is well settled both under the common law and the Sales Act that upon the sale of food to be immediately put to domestic use there is, as between dealer and buyer, an implied warranty of wholesomeness and fitness to be eaten, including freedom from foreign substances which may be injurious to the consumer. Burkhardt v. Armour Co., 115 Conn. 249.
The defendant claims, however, that, since the buyer chose the jar of beans she wanted by herself taking it from the shelf, it does not appear that she relied on the seller's skill and judgment and therefore recovery may not be had under warranty. The situation in this case is not unlike that in Sapiente v. Waltuch,127 Conn. 224, where there was no contract to sell a specified article under its trade-name. Of course, in the Sapiente
case the buyer did ask for macaroni, but no special kind, and the grocer did hand her a brand with which the buyer was familiar. In the present case the buyer picked a jar of beans at random from those displayed on the shelves, from which the customers were invited to help and serve themselves. This buyer made no demand for a specified article under its trade or *Page 176 
brand name. She wanted a jar of beans and she took a jar of beans from the stock offered for sale.
In the sale and purchase of packaged food for immediate consumption the law recognizes that there arises inevitably the implication that the purchaser has made known to the seller that the purchase is for use as food. Burkhardt v. Armour Co., supra, 258. The weight of authority is also to the effect that in the absence of an express statement to the contrary there is also a necessary inference from the relation of the parties that the purchaser does rely upon the skill and judgment of the seller in the general selection of the packaged goods offered for sale. Sapiente v. Waltuch, supra, 226; Ward v. Great Atlantic Pacific Tea Co., 231 Mass. 90, 93; Bonenberger v.Pittsburgh Mercantile Co., 345 Pa. 559; Martin v. Great Atlantic Pacific Tea Co., 301 Ky. 429; Kurriss v. Conrad Co., Inc., 312 Mass. 670.
The Sales Act, § 1276e (1), says nothing about the buyer relying on the seller's skill and judgment in selecting the article that is the subject matter of the sale. All that must appear is that the buyer relies upon "the seller's skill and judgment." See Kurriss v. Conrad Co. Inc., supra. In the instant case the subordinate facts amply support a finding that this buyer did rely on the defendant's skill and judgment in its general selection of the goods placed upon its shelves for sale.
Plaintiff sustained a laceration of the soft part of the cheek directly opposite the molar teeth. It was about three-quarters of an inch in length. He developed an infection of the left cheek which became swollen and sore. He was attended by his family physician until May 5, 1945, when he was discharged as improved to the point where no further treatment was indicated. He lost parts of several days from work while being treated by his physician. The dental work which he had done as a result of his visit to the dentist about ten months after being discharged by his family physician was made necessary by causes unconnected with the accident of April 28, 1945.
A fair sum of money to reimburse him for the damages sustained, including pain and suffering as a result of this accident on April 28, 1945, is $345.
 The issues are found for the plaintiff and judgment may enter for the plaintiff to recover from the defendant the sum of $345 and costs.