Plaintiff brought this action against the two named defendants to recover damages of $5000 for the alleged injurious consequences resulting to her when she beheld a dead fly embedded in a strip of sliced bacon which was part *Page 405 
of a pound of bacon purchased of the defendant Marder, operator of a grocery store, who in turn had purchased all of his bacon from the defendant Wilson and Company (a wholesale distributor of meats). Neither the allegations of the complaint nor the plaintiff's offer of proof thereunder require a detailed recital other than to say that the injurious consequences are claimed to have been shock, nausea and the lighting up of a dormant stomach ulcer. At the conclusion of the plaintiff's case the defendants rested without offering evidence.
To recover judgment against Wilson and Company, a finding of negligence is required. Proof of a specific act or omission of negligence was not offered. The plaintiff, however, invokes the doctrine of res ipsa loquitur on this phase of the case, citingGross v. Loft, Inc., 121 Conn. 394; Bagre v. Daggett ChocolateCo., 126 Conn. 659, and Jump v. Ensign-Bickford Co.,117 Conn. 110. So also she makes reference to Burkhardt v. Armour Co., 115 Conn. 249, 264, which is not concerned with the application of the doctrine. The short answer on this phase of the case is that the court cannot find negligence on the part of Wilson and Company, inferentially or otherwise, for the presence of the offending dead fly in one of the slices of bacon. The doctrine when applicable permits but does not require an inference of negligence. Livingstone v. New Haven, 125 Conn. 123,126.
To recover judgment against Marder, a finding of breach of an implied warranty of wholesomeness and fitness for human consumption is required. That there is such an implied warranty as between a dealer and the buyer-consumer (enlarged of recent date by statute to extend to members of the buyer's household) is recognized under the common law and the Sales Act. SeeBurkhardt v. Armour Co., 115 Conn. 249, 259. But in the case at bar the plaintiff had not partaken of the bacon on thenoon of March 21, 1949. She had simply removed one or two slices and then saw the embedded fly in an additional slice shewas about to remove from what remained of the original pound of bacon purchased four days before. This distinguishes the case on this phase from Sapiente v. Waltuch, 127 Conn. 224, and from Yeatman v. C. E. Smith Son, Inc., decided by Judge Jennings in the Superior Court at New Haven on October 6, 1936, File No. 49950.
Cases cited by the plaintiff from other jurisdictions are either not pertinent or not persuasive. The problem presented is both novel and interesting. It may be that a Supreme Court review *Page 406 
would prove efficacious. Had the plaintiff been found entitled under the law to a judgment against either or both defendants, damages might have been awarded in an amount ranging from $300 to $1000. Note certain aspects of the discussion in Orlo v.Connecticut Co., 128 Conn. 231. But proximate cause as to the ulcer condition could prove a stumbling block to a substantial award. See discussion in Vastola v. Connecticut ProtectiveSystem, Inc., 133 Conn. 18, 20 et seq.
 In view of the foregoing, judgment is to enter for the defendants with costs as an incident.