SIDNEY SILVERMAN ET AL. *v.* SWIFT AND COMPANY ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 74252

Memorandum filed January 2, 1954.

*Morris B. Straka,* of New Haven, and *James F. Rosen,* of Hartford, for the Plaintiffs.

*McGrath & Henebry,* of Waterbury, *Martin E. Gormley* and *Charles A. Watrous,* both of New Haven, for the Defendants.

BORDON, J. On August 20, 1949, the three plaintiffs and Mrs. Silverman were traveling to Copake, New York, to spend the day at Dr. Groopman's farm. On route they stopped at George's Market in Watertown and purchased a five- or five-and one-half-pound loin of pork to be cooked and eaten picnic style. They arrived at the farm about noon and immediately started a wood fire in the open fireplace. They then put the loin of pork on a spit in the fireplace and cooked it for about four to four and one-half hours. The pork became charred and black on the outside and grayish-white on the inside, indicating that it had been cooked long and hot enough to kill any trichinae in the meat. Dr. Groopman knew that pork was likely to contain trichinae and that it required adequate cooking to kill them and thus render the meat wholesome and edible. He had, on several occasions, eaten pork cooked on the same open fire in the same way, with no ill effects. Within two weeks the three plaintiffs became ill, with similar symptoms and complaints. Mrs. Silverman, who had not eaten any of the pork, did not become ill. The Groopmans had returned to New York after the outing and became ill there and Silverman became ill in New Haven. None of the plaintiffs had eaten pork after the day in question. The illness of all three plaintiffs was found to be trichinosis, and undoubtedly resulted from eating the pork on August 20.

The pork in question was purchased by the defendant grocers from the defendant Swift and Company. In the absence of any contract relationship between the plaintiffs and Swift and Company, no recovery is available against this defendant for breach of warranty. A right of recovery in tort may

be available to one injured through the seller's negligence even though he is not in privity of contract with the seller. However, a generally recognized obstacle to the extension of benefit of implied warranty beyond the immediate seller is that the remedy is based on contract and, therefore, limited to parties and privies thereto. *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92; *Naumann* v. *Wehle Brewing Co.,* 127 Conn. 44.

Failure to prove negligence by defendant Swift and Company calls for a ruling in its favor.

The question then revolves around the liability of George's Market for selling pork containing trichinae. In this state our Supreme Court has repeatedly held that upon the sale of food to be immediately put to domestic uses, there is, as between dealer and buyer-consumer, an implied warranty of wholesomeness and fitness to be eaten, including freedom from foreign substances which may be injurious to the consumer. *Burkhardt* v. *Armour & Co.,* 115 Conn. 249; *Naumann* v. *Wehle Brewing Co.,* supra; *Sapiente* v. *Waltuch,* 127 Conn. 224.

There are no cases in this state defining a breach of warranty in the sale of pork. To free the defendants, George's Market, from liability, it is virtually necessary to hold that the sale of pork does not carry with it an implied warranty of wholesomeness or fitness for human consumption or freedom from trichinae. There are many cases in various jurisdictions holding that one who sells pork infested with trichinae is not liable for breach of warranty if the buyer is infected when the pork was eaten without proper cooking, since if it had been properly cooked he would not have suffered. Williston, Sales (Rev. Ed.) § 243a. The court's dilemma is created by a vicious circle that leads nowhere. If pork is sold with the knowledge that it is infested with trichinae and, therefore, cannot be eaten without

adequate cooking, the burden is then put on the buyer to cook it adequately. In the case of *Holt* v. *Mann*, 294 Mass. 21, it was held that ordinary domestic cooking was adequate, and if trichinosis resulted after eating a ham so cooked, the seller is liable. In that case the actionable warranty was not that the food was fit to eat without cooking, but that it was fit to eat after ordinary domestic cooking. In the case of *Rinaldi* v. *Mohican Co.*, 225 N.Y. 70, the Court of Appeals sustained a plaintiff's verdict on the ground of implied warranty of fitness for human consumption of a loin of pork, infested with trichinae, eaten after cooking. In the case of *McSpedon* v. *Kunz*, 271 N.Y. 131, the defendants were held liable on the ground that they should have employed a known method of eradicating trichinae, but failed to do so. This decision was rendered by a divided court, with three of the judges dissenting vigorously. In the case of *Greco* v. *S.S.Kresge Co.*, 277 N.Y. 26, recovery for breach of warranty in the sale of frankfurters was sustained on the ground that they were warranted as fit for human consumption without further treatment by the buyer.

An analysis of cases dealing with the subject at hand leads to the conclusion that buyers of raw pork are aware of the presence of trichinae in the meat and that a seller of such pork does not warrant it to be free from trichinae or fit for human consumption without adequate cooking. It is a known fact that trichinae will be killed by heat of 137 degrees Fahrenheit. Therefore, the burden is put on the buyer to make sure that every part of the pork, inside and out, is reached by the requisite heat. If that is done the pork cannot be harmful; it thereupon becomes wholesome. If eating results in trichinosis, it means that it was not cooked enough; at least, it means that some innermost part of the meat was not heated to 137 degrees.

The warranty of fitness should be applied only to food used in the usual, rather than in an unusual and improper manner. Thus no implied warranty arises that meat, such as a pork product, generally fit to be eaten only when properly cooked, is wholesome when eaten raw or cooked in an unusual or improper manner. 77 C.J.S. 1213; *Cheli* v. *Cudahy Bros. Co.,* 267 Mich. 690; *Feinstein* v. *David Reeves, Inc.,* 14 F.Sup. 167.

The *Cheli* case, supra, seems particularly in point. It appears in that case, as in the instant case, that there is no known, practicable or feasible method of determining whether hogs are infected with trichinae. The bacteria can be detected only by microscopic inspection of the entire carcass of the animal, although the organism is generally found in the muscles. Until 1906 it was the practice of the government to make such examinations, but this practice was finally discontinued because it was found to be ineffective. The known treatments generally effective in killing trichinae remove from the meat the quality of freshness demanded by the public. In that case, as in this, all the ordinary, usual and reasonable precautions taken by the meat-packing industry and retailer were observed. No one is held by the law to a higher degree of care than the average in the trade or business in which he is engaged. *Ketterer* v. *Armour & Co.,* 247 F. 921, 931.

The *Feinstein* case, supra, is similar to the instant case in that motions for nonsuit and judgment were made upon completion of plaintiff's case. In that case the court granted the motion of Swift and Company to dismiss the case, and granted the motion of Reeves to direct a verdict. The decision was based on the legal conclusion that warranty of wholesomeness of pork sold for human consumption is not that pork is free from trichinae but rather that it is fit for food when properly cooked.

According to the evidence before the court in the instant case, it is not possible to detect the presence of trichinae without destroying the marketability of the meat. The federal government does not inspect for trichinae. Pork is rendered wholesome and free from danger if cooked to 137 degrees, or frozen by 5 degrees, or less, Fahrenheit for twenty days. It would have been impossible for these plaintiffs to suffer from the trichinae if the meat had been cooked adequately. Since they did become ill, it must have been the result of undercooking.

On the basis of the evidence before the court, it appears that the pork was prepared by the packer, and kept by the dealer, with all the care that is customarily used in the trade. The implied warranty of the dealer that the pork is merchantable, and therefore fit for human consumption is not breached by sale of pork prepared in the usual manner approved in the industry, salable in the usual way, and not unfit for human consumption if used in the manner in which the dealer might reasonably expect it to be used and for which it was intended. It is, therefore, concluded that the open fire, used for cooking in this case, was not the proper way to cook pork, did not heat all the pork to 137 degrees, and that it was rendered unfit by the plaintiffs' own failure rather than by any breach of warranty. *McSpedon* v. *Kunz*, 271 N.Y. 131, minority opinion.

The issues are found and judgment may be entered for the defendants.