FANNIE G. BADER *v.* UNITED ORTHODOX SYNAGOGUE

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

450

Argued April 5—decided June 13, 1961

*John J. Hunt,* with whom, on the brief, was *Ernest Capozzi,* for the appellant (plaintiff).

*Noel R. Newman,* with whom, on the brief, was *Edgar W. Krentzman,* for the appellee (defendant).

SHEA, J.   The plaintiff, who, by the pleadings, was admitted to have been an invitee, sustained injuries as the result of a fall from the back porch of a house on the defendant's premises.   These injuries were alleged to have been caused by the defendant's negligence.   The court directed a verdict

for the defendant and thereafter denied the plaintiff's motion to set it aside. The plaintiff has appealed.

Considering the evidence in the light most favorable to the plaintiff, the jury could have found the following facts: The defendant was a charitable corporation without capital stock, and its members derived no financial benefit from its operations. The plaintiff, a member of the defendant's congregation, was also a member of the ladies' auxiliary, which was organized to raise funds for the operation and benefit of the defendant. In June, 1955, the defendant became the owner of a one-family house which was used as a meeting place for the members of the congregation and the organizations associated with it. A door opened from the kitchen onto a concrete porch which ran along the back of the house. Three concrete steps descended from the porch to the ground, which was about three feet below the level of the porch. These steps were not located directly in front of the kitchen door but were to the right of it as one left the house, thus making it necessary to walk two or three steps along the porch, parallel to the house, before attempting to descend the steps. Neither the porch nor the steps were equipped with any hand or side railings. The kitchen storm door opened outward to the right, so that a person leaving the premises would normally walk around the outside of the door in close proximity to the edge of the porch.

The plaintiff was fifty-five years of age. During the evening of December 12, 1955, she attended a meeting of the ladies' auxiliary in the defendant's house. Her husband drove her to the meeting and later returned to take her home. He entered the house through the kitchen door and beckoned to his

wife, and she went to the kitchen to meet him. They left the house by the kitchen door, the plaintiff holding her husband's arm. The porch was unlighted at the time. After the door closed behind them, the plaintiff and her husband were in darkness, and the plaintiff was unable to see the steps leading down from the porch. They walked together across the porch, missed the steps and fell to the ground. The plaintiff was injured. Neither she nor her husband had been in the rear of the house before the night of the accident. While there was a light for the porch, controlled by a switch in the kitchen, neither of them knew of the light or of the location of the switch.

From the court's memorandum of decision denying the plaintiff's motion to set aside the verdict, it appears that the court directed the verdict on the grounds that no expert testimony was presented to support the plaintiff's contention that the lack of railings on the porch constituted a structural defect, that the plaintiff was guilty of contributory negligence as a matter of law, that she was a beneficiary of the defendant's services, and that she was not entitled to recover.

It has long been the established law of this state that a charitable corporation is not liable for injuries sustained by a beneficiary as a result of the negligent conduct of agents or servants of the corporation whom it has selected with due care. *Hearns* v. *Waterbury Hospital,* 66 Conn. 98, 126, 33 A. 595; *Martino* v. *Grace-New Haven Hospital,* 146 Conn. 735, 736, 148 A.2d 259. In such a situation, the servant alone is responsible for his wrong. *Boardman* v. *Burlingame,* 123 Conn. 646, 652, 197 A. 761. But the corporation may be liable for corporate negligence, which has been defined as the negligence of the offi-

cers or managing directors who constitute the governing board, as distinguished from the negligence of the corporation's ordinary employees. *Edwards v. Grace Hospital Society,* 130 Conn. 568, 571, 36 A.2d 273; *Tocchetti v. Johnson Memorial Hospital,* 130 Conn. 623, 627, 36 A.2d 381. Corporate negligence is the failure of those entrusted with the task of providing the accommodations and facilities necessary to carry out the charitable purposes of the corporation to follow, in a given situation, the established standard of conduct to which the corporation should conform. *Coolbaugh v. St. Peter's Roman Catholic Church,* 142 Conn. 536, 539, 115 A.2d 662; *Evans v. Lawrence & Memorial Associated Hospitals, Inc.,* 133 Conn. 311, 316, 50 A.2d 443; *Haliburton v. General Hospital Society,* 133 Conn. 61, 64, 48 A.2d 261; *Tocchetti v. Johnson Memorial Hospital,* supra; *Edwards v. Grace Hospital Society,* supra; *Boardman v. Burlingame,* supra; *Cashman v. Meriden Hospital,* 117 Conn. 585, 587, 169 A. 915; *Hearns v. Waterbury Hospital,* supra, 122. The duty of following such a standard of conduct is nondelegable, and the corporation is chargeable with corporate negligence for failure to perform that duty. *Tocchetti v. Johnson Memorial Hospital,* supra, 628. In the case at bar, the plaintiff claims that the lack of a railing on the porch, which was elevated above the ground, constituted a dangerous structural condition; that the managing officers had either actual or constructive knowledge of the condition; and that the corporation itself was negligent in failing to provide proper safeguards for the premises. Evidence to support these claims was presented to the jury, and the question as to whether the neglect, if any, constituted corporate negligence should have been

left to the determination of the jury. The defendant was not relieved of liability for corporate neglect, established by the evidence, because the plaintiff was a beneficiary of its services. *Hearns* v. *Waterbury Hospital,* supra, 123; *Tocchetti* v. *Johnson Memorial Hospital,* supra; *Edwards* v. *Grace Hospital Society,* supra; *Martino* v. *Grace-New Haven Hospital,* supra.

Expert testimony was not required to support the claim of the plaintiff that the absence of a proper or suitable porch railing was a structural defect and therefore constituted corporate negligence. The rule requiring expert testimony applies only when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 350, 64 A.2d 330. Photographs showing the conditions were admitted in evidence and available for the examination of the jury, who, by the application of their own knowledge and under proper instructions from the court, could determine without the aid of any expert whether the conduct of the defendant constituted corporate negligence. Expert testimony was not essential in this case. *Sapiente* v. *Waltuch,* 127 Conn. 224, 227, 15 A.2d 417; *Gannon* v. *S. S. Kresge Co.,* 114 Conn. 36, 38, 157 A. 541.

The plaintiff also attacks the action of the trial court in directing a verdict on the ground that she was contributorily negligent as a matter of law. Ordinarily, the question of negligence or freedom from it is one of fact. *Feir* v. *Hartford,* 141 Conn. 459, 462, 106 A.2d 723. It is only when the conduct under investigation is manifestly contrary to that of a reasonably prudent person that it may be considered negligent as a matter of law. *Farrell* v.

*Waterbury Horse R. Co.,* 60 Conn. 239, 249, 21 A. 675; *Baptist* v. *Shanen,* 145 Conn. 605, 610, 145 A.2d 592. The question is whether the plaintiff, in leaving the house by way of an unlighted porch under the circumstances of this case, so clearly departed from the standard required of a reasonably prudent person that the function of the jury could be taken from them by the court. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 153, 139 A.2d 812. Whether the plaintiff was in the exercise of due care presented a question of fact upon which reasoning minds might reasonably differ. *L'Heureux* v. *Hurley,* 117 Conn. 347, 359, 168 A. 8; *Dean* v. *Hershowitz,* 119 Conn. 398, 415, 177 A. 262. Directed verdicts are not favored. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 546, 135 A.2d 597. A verdict should be directed only when, on the evidence, the jury could not reasonably and legally reach any other conclusion. *Bernardo* v. *Hoffman,* 109 Conn. 158, 159, 145 A. 884. The plaintiff was unfamiliar with the rear porch and the lighting arrangements. She did not know where the light switch was, nor did she have any knowledge, before the accident, that a light was located there. When she left the house, she was in the company of her husband and depended on him for assistance and guidance. It was for the jury to say whether she failed, in any of the ways alleged by the defendant in the special defense, to exercise the care of a reasonably prudent person. The court was in error in finding the plaintiff chargeable with contributory negligence as a matter of law.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.