THOMAS SCANLON *v.* FOOD CRAFTS, INC.

CIRCUIT COURT FIFTEENTH CIRCUIT
FILE NO. SC 15-8041

Memorandum filed July 12, 1963

*Allan Greene,* of New Britain, for the plaintiff.

*Bernard D. Gaffney,* of New Britain, for the defendant.

KOSICKI, J. The plaintiff seeks to recover damages because of injuries suffered by him as a result of partial consumption of food sold to him by the defendant. At lunchtime on June 12, 1962, the plaintiff, an employee of Pratt and Whitney Company, West Hartford, bought a cellophane-wrapped "grinder" from a cart vendor selling for the defendant at the Pratt and Whitney plant. The defendant had taken over the cafeteria and cart-vending service at the plant from a former caterer on June 9 and had spent that and the following day in cleaning up the kitchen and cafeteria. The first food service was on June 11. No leftover food was used, and bakery products were not purchased until June 11 and 12. The defendant bought the rolls used in making grinders, but the actual preparation and wrapping of the final product was by the defendant. The rolls had a hard crust and soft center and were known as water rolls. The defendant did not sell soft-roll grinders.

If we pay regard to the testimony and to the common knowledge respecting the subject, a grinder may tersely be described as a gustatory extravaganza of regal dimensions and savor. It consists of an elongated roll or small loaf, either hard-crusted or soft, slit longitudinally and filled with an imaginative assortment of meats, condiments and vegetables. By an elidible colloquialism, the word "grinder" is accepted as descriptive of the lacerated condition of the contents of the roll; it has no anthropomorphic meaning suggestive of the grinder's own violent tendencies toward an unwary consumer.

The plaintiff was fond of grinders and often ate them for lunch to gratify his taste and satisfy his hunger. On June 12, as the plaintiff took his first

bite of the grinder, he felt a sharp and sudden pain and discovered that an incisor tooth had broken and had cut his gums. The pain and bleeding lasted for about an hour. Two of his friends, with whom he had been eating, and who testified, witnessed what had happened and examined the broken tooth and the grinder. All of them found the grinder to be hard inside as well as on the exterior, and it appeared stale and unfit for human consumption. The plaintiff and the union steward immediately interviewed the manager of the defendant, and he agreed that the roll was hard and stale.

The plaintiff had for many years taken good care of his teeth and visited his dentist regularly. At his last visit, three months prior to the event described, his teeth were found in good condition. Three years before, the tooth in question was desensitized by the removal of the nerve. Since that time it had offered him no difficulty in eating or chewing any food, including grinders. As a result of the injury, the plaintiff received dental treatments on seven occasions, and the lost tooth was replaced by a full acrylic veneer gold crown. The bill for services was $100, which is found to be reasonable.

The plaintiff rests his case on the alleged breach by the defendant of an implied warranty of fitness for the purpose for which the goods were sold in that the injury occurred because of a defect in the grinder arising out of its staleness or hardness. The defendant disclaims liability and contends that the food sold was fit by the usual and ordinary standards and that what injury occurred was due to the weakness of the plaintiff's tooth and not to the hardness of the grinder. It buttresses its defense by emphasizing that a grinder roll, considered reputable in the food business, always has a crusty

exterior; and the particular roll in this case was not in any way different from rolls acknowledgedly fit for the intended purpose and was free from all defects. No defense was offered to exclude an implied warranty on the ground that the plaintiff's fault may have contributed to his injury in neglecting to observe the alleged defect when an examination would have revealed it to him. General Statutes § 42a-2-316 (3) (b).

To the cognoscenti, scorning the pabulum of the soft roll, the hard roll would seem to be the only kind fit for and worthy of human consumption. No doubt it offers, among other things, to those endowed with hardy dental equipment, a welcome challenge to accomplish an ardent mastication; and thus it would seem to enhance the pleasure of eating by imparting a sense of triumph in a task nobly done. The plaintiff, however, makes no pretense to being numbered among the elect. In effect he simply says that, whether stale or not, the grinder, as to him, was too hard for consumption; that he had the right reasonably to expect that what he bought was of the same kind and quality as the grinders he had been buying at the same place in times past; that he had placed his reliance on the defendant's skill or judgment; therefore, there was a breach of an implied warranty as to fitness for which the defendant is absolutely liable.

This case differs from those usually encountered, where the unfitness results from the presence of foreign or dangerous substances, deterioration, or poisoning. No serious issue is raised here as to the wholesomeness of the grinder sold as food. The question is only one of hardness: that is whether the particular grinder involved was harder than the plaintiff was reasonably entitled to expect and therefore presented a defect that ordinarily would

not be anticipated. Staleness, which is alleged, is not necessarily a correlative of hardness; neither is freshness of a bakery product equivalent to softness. Upon the evidence, over which there is no grave disagreement, it is found that the grinder sold by the defendant to the plaintiff was of such hardness that it was not reasonably fit for human consumption. From the facts summarized herein and the fair inferences that may be drawn from them, it is concluded that the defendant is liable for its breach of implied warranty and for such damages as were the natural consequence of the breach. General Statutes § 42a-2-315; *Crotty* v. *Shartenberg's-New Haven, Inc.,* 147 Conn. 460, 464; 1 Williston, Sales (Rev. Ed.) § 237.

The suggested hypothesis that the cause of the injury was the plaintiff's weak tooth avails the defendant nothing. It took the plaintiff as it found him. *Sapiente* v. *Waltuch,* 127 Conn. 224, 227; *Flood* v. *Smith,* 126 Conn. 644, 647. The fact that the defendant might be classified as a restaurant keeper does not relieve it of liabilities arising from an implied warranty under our present Sales Act. This liability is not confined to negligence and may be regarded as absolute.

Judgment may enter for the plaintiff for $200.