JENNIE FILLIPONE *v.* CORPORATION OF THE CHURCH OF THE IMMACULATE CONCEPTION

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued June 3—decided June 16, 1964

*Eugene H. Kaplan,* for the appellant (plaintiff).

*Kevin T. Gormley,* with whom were *Gerald P. Dwyer* and, on the brief, *Martin E. Gormley,* for the appellee (defendant).

PER CURIAM. The plaintiff sued to recover damages for injuries alleged to have been sustained as the result of a fall while she was descending the steps of the defendant church after attending mass.[1] The fall was alleged to have been caused by the negligence of the defendant. The defendant pleaded, as a special defense, that it was a charitable corporation without capital stock whose members derived no financial benefit from its operation. The plaintiff demurred, claiming that the defendant had failed to state a proper defense, and the demurrer was overruled. The plaintiff failed to plead further, and the court granted the defendant's motion for a nonsuit.

The trial court did not err in overruling the demurrer. We adhere to our previous holdings that "a charitable corporation is not liable for injuries sustained by a beneficiary as a result of the negligent conduct of agents or servants of the corporation whom it has selected with due care." *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 452, 172 A.2d 192; *McDermott* v. *St. Mary's Hospital Corporation,* 144 Conn. 417, 422, 133 A.2d 608.

There is no error.

---

[1] During oral argument counsel stipulated that the demurrer had been argued and decided in the trial court as though the complaint had alleged that the plaintiff fell while leaving the church immediately after attending mass. Counsel requested that this appeal be decided on the same basis since the plaintiff's objective is not to claim recovery under the rule of cases such as *Cohen* v. *General Hospital Society,* 113 Conn. 188, 199, 154 A. 435, but to overthrow the defense of charitable immunity as it is now recognized in this state. We have decided to comply with the request and treat the case as it was treated by the parties and the court below. *Anselmo* v. *Cox,* 135 Conn. 78, 79, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405.