## Rose Naleson *v.* The Stamford Hospital et al.

Superior Court      Fairfield County      File No. 5482
                at Stamford

Memorandum filed November 30, 1965

*Bernard Glazer,* of Stamford, for the plaintiff.

*A. Reynolds Gordon,* of Bridgeport, for the named defendant.

FitzGerald, J. The defendants are two in number, namely, The Stamford Hospital and Arthur M. Harrison, a medical practitioner. At the time of the episode giving rise to this litigation, the plaintiff was hospitalized at the defendant hospital and was a patient under the care of the defendant doctor. The action is one in which the plaintiff seeks damages of both defendants for personal injuries resulting to her from a transfusion of allegedly incompatible blood.

By way of special defense, the defendant hospital pleads that it "is not liable for the reason that it is an eleemosynary institution and is not liable for negligence by reason of its charitable immunity." To this defense the plaintiff demurs on the ground that the complaint as against the defendant hospital "sets forth a cause of action for corporate negligence only and the defense of charitable immunity does not apply thereto."

At this time it cannot be determined in advance what trend the evidence will take at the trial. By

the case law of Connecticut, liability of the defendant hospital to the plaintiff could only attach by proof of corporate negligence on its part. The defendant hospital so concedes, as indeed it must. *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 453, and cases there cited. If at the trial the plaintiff introduces evidence of corporate negligence as against the defendant hospital, the judge, if the case is tried to a jury, would be under the duty to instruct the jury that if they find that corporate negligence as defined in the charge was the proximate cause of the plaintiff's injuries, then the special defense of charitable immunity was removed from the case as a matter of law. So also the judge would be under the duty to instruct the jury that if they did not so find, the injected defense would prevail in favor of the defendant hospital as a matter of law. In short, to sustain the interposed demurrer of the plaintiff to the defense pleaded could well prejudice the defendant hospital on the facts developed at the trial; to overrule the demurrer cannot harm the plaintiff.

In a somewhat analogous situation, our Supreme Court, in reversing the action of the trial court in sustaining a plaintiff's demurrers to successive special defenses of a municipal defendant, held that the trial court thereby deprived the defendant of its defense before the facts were established. *Carabetta* v. *Meriden,* 145 Conn. 338, 342. The same view should be, and is, adopted in a consideration of the question presented by the interposed demurrer.

Disposition: Plaintiff's demurrer to the special defense of the defendant The Stamford Hospital is overruled for reasons stated.