[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
The defendants have moved to reargue two issues addressed in the court's memorandum of decision, dated April 14, 1999, on the plaintiff's motion to disqualify the defendants' counsel. First, the defendants point out that, since the defense of charitable immunity has been abolished by statute in Connecticut[1], defendant hospital would be vicariously liable to the plaintiff if some or all of the individual defendants are found to be liable to her, contrary to the court's assumption in its original memorandum. Therefore, they claim, there is not even the potential for a conflict of interest between the hospital and the individual defendants.
Second, they argue that defense counsel's loyalties are undivided because, contrary to a finding made in the court's earlier memorandum, counsel is not being provided through a contract of insurance but was hired by the defendant hospital to represent it and the individual defendants[2], "pursuant to a longstanding private professional relationship between the hospital and [defense counsel's] law firm". Defendants' Memorandum of Law in Support of Motion to Reargue at 5 and ¶ 5 of affidavit of the general counsel of the defendant hospital, appended to the defendants' memorandum.[3]
The court stands corrected as to both the state of the law on charitable immunity in Connecticut and the arrangement by which the law firm came to represent all of the defendants. The court, however, does not share the defendants' opinion as to the consequences of these corrections.
While the hospital will be liable if any of its admitted agents or employees is liable, the doctrine of "corporate negligence" is a separate and independent basis for liability on CT Page 8072 the part of the hospital. "Corporate negligence is the failure of the officers or directors who constitute the governing board of a corporation, acting as a board, to maintain the standard of conduct required of the particular corporation, rather than the personal negligence of the corporation's ordinary employees.Bader v. United Orthodox Synagogue, 148 Conn. 449, 452-53,172 A.2d 192 (196); Tocchetti v. Johnson Memorial Hospital,130 Conn. 623, 627-28, 36 A.2d 381 (1944)." Buckley v. Lovallo,2 Conn. App. 579, 582, 481 A.2d 1286 (1984); see also Logan v. GreenwichHospital Assoc., 191 Conn. 282, 304, 465 A.2d 294 (1983);Starkweather v. Patel, 34 Conn. App. 395, 402 n. 5, 641 A.2d 809, cert. denied, 230 Conn. 905, 644 A.2d 918 (1994). "[I]n a medical malpractice case expert testimony is required to prove the standard of professional care to which the defendant is held, and that the defendant failed to conform to that standard of care . . . . Where there is a claim of corporate negligence in operation of a hospital, there must be expert testimony of the standard of care applicable to similar hospitals and that the hospital's conduct did not meet that standard." (Citation omitted.) DeColon v. Danbury Hospital, Superior Court, judicial district of Danbury, Docket No. 303330 (December 22, 1992, Fuller, J.)
There is in the complaint an allegation that the hospital is liable because it "failed to provide . . . proper supervision, training, education, control and qualified staff in accord with accepted prudent standards of care within the medical community", in effect an allegation of corporate negligence. Counsel may well have divided loyalties in defending against this claim. For example, the plaintiff may seek to adduce evidence supporting this claim from one or more of the individual defendants. In that event, counsel may find it necessary to cross-examine her own individual clients in order to defend her client, the hospital. Therefore, the court's concerns about the dangers of concurrent representation are not allayed.
Nor does the fact that defense counsel is being provided (and presumably paid for) by the hospital, "pursuant to a longstanding private professional relationship between the hospital and [defense counsel's] law firm", not an insurer, obviate the court's concern about this aspect of the concurrent representation. ". . . (T)here are many situations in which a third party pays for a lawyer's service to a client. . . . Ineach such case a danger exists that the lawyer will tailor his or her representation to please the third party, rather than the CT Page 8073 client. The distraction can become acute if the lawyer hopes tobe rehired on behalf of other clients, and so curries favor with the payor of his fee." G. Hazard W. Hodes, The Law of Lawyering: A Handbook on the Modern Rules of Professional Conduct (1996 Suppl.) p. 251 (Emphasis added.).
Since there are separate and independent bases for liability as between the defendant hospital and the individual defendants, and each defendant is liable for only his, her or its proportionate share of the plaintiff's damages, the fact that one of the defendants rather than an insurer is paying for the common defense hardly reduces the potential for a conflict of interest.
Accordingly, treating the defendants' motion to reargue as a motion to reconsider, the court grants that motion. Having reconsidered its decision in light of the corrections brought to its attention, the court declines to make any changes in its conclusions or orders.
Since defense counsel has already sent copies of the court's original memorandum to her clients, even while seeking reconsideration of some of its conclusions, it will be necessary for her to send this supplemental memorandum to those clients and obtain additional written statements from each client, stating that she or he has read both the original memorandum and this supplemental memorandum and continues to consent to defense counsel's representation. Those statements are to be filed with the court by July 15, 1999.
BY THE COURT
SHORTALL, J.