[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These personal injury cases arise out of a fall by the plaintiff, an employee at a lounge at the Foxwood's Casino. The plaintiff alleges that while working in the Newport International Bar at the casino he tripped over a pipe which protruded from the floor in the walkway behind the bar. Plaintiff alleges that the defendant Klewin through its agents, servants or its employees designed and constructed the building and bar in question. Plaintiff also alleges that the defendants BVH Engineers, (BVH), plumbing and HVAC contractors, New England Design, Inc., and Jeter, Cook Jepson-Architects, Inc., (Jeter, Cook Jepson) through their agents, servants or employees designed, planned and/or constructed CT Page 2170 portions of the building and bar in question.
Plaintiff initially took the position that the instant cases involve, "a slip and fall," and asserted that expert testimony was not required because the case was not complex and that ". . . the placement of a pipe in the path of people walking does not require expert testimony." This assertion was made in response to the defendant BVH's motion for permission to file nonstandard interrogatories and request for production. After the objection was sustained, plaintiff then filed a disclosure of expert as follows:
 "Gordon C. Hyde, R.A. of Chandler, Palmer and King Architecture and Engineering and Surveying Ill Broadway, Norwich, Connecticut, will testify as to the dangerous condition of the pipes extending to the floor drain and the deviation from industry standards."
Objections followed and the plaintiff filed amended disclosures of experts ("amended disclosure"). The Court will treat the amended disclosures as the operative pleadings and will address the issues raised by the defendants addressed to that disclosure only. The defendants BVH and New England Design both filed objections to the amended disclosure while the defendant Jeter, Cook Jepson filed a motion to preclude the testimony of Mr. Hyde.
BVH in its objection to the amended disclosure (which was adopted by New England Design) objects on the ground that it is incomplete and untimely and does not comply with the requirements of Practice Book § 13-4(4) which requires that a party expecting to call a witness ". . . shall disclose the name of that expert, the subject matter on which the expert is expected to testify, and a summary of the grounds of each expert opinion, to all other parties within a reasonable time prior to trial." These defendants argue that since the plaintiff has alleged negligence against many different types of professionals including architects, a plumber and an engineering firm, that an expert in each particular field is required. Furthermore, the objections claim that the amended disclosure fails to specify any industry whose standards have allegedly been violated nor how any defendants' conduct deviates from the standards. As such, the defendants complain that they are unable to begin to prepare the defense to the experts' opinion.
Those defendants also object on the basis that they are prejudiced by this discovery which comes outside of the original case management order set by Judge Martin and after the plaintiffs objection to the defendants' motion for permission to file non-standard interrogatories had been CT Page 2171 sustained.
While the bases for defendant Jeter, Cook Jepson's motion to preclude addressed to the initial disclosures of expert were that Mr. Hyde was disclosed in an untimely manner, that the disclosure was only made in one of the captioned cases and that the plaintiffs disclosure does not comply with Practice Book § 13-4. In Jeter, Cook Jepson's motion addressed to the amended disclosure, it properly concludes that the untimeliness argument has been rendered moot by the subsequent scheduling order entered after the case is transferred to the Complex Litigation Docket and notes that the plaintiff has filed the amended disclosure in both companion cases. Thus, Jeter, Cook Jepson properly focuses on the only legitimate issue, namely whether the disclosure complies with the Practice Book requirements.
Preliminary to the issues raised by the objections and the motion to preclude is the question whether expert testimony is required to prove negligence in these cases. While generally expert testimony is required in cases involving professional incompetence or malpractice, see e.g.,Doe vs. Yale University, 252 Conn. 641 (2000) and Levett v. Etkind,158 Conn. 567 (1969), such testimony is not always necessary. In cases where the professional negligence is so gross to be clear even to a lay person, expert testimony may not be necessary. See Bader v. UnitedOrthodox Synagogue, 148 Conn. 449 (1961). Based upon the state of the record, the court will not rule on whether an expert is required by the plaintiff in this case. Similarly, the court declines to rule on the issue raised by the objections that an individual expert in the field of each individual defendant would be required. While generally an expert must possess specialized knowledge in the field in question, it is possible that a member of a firm of architecture and engineering professionalscould be qualified to testify about the design defects plaintiff alleges. That issue may properly be resolved at a motion in limine. To the extent that the objections rely upon those theories, they are overruled.
The objections and the motion to preclude do however raise the issue of the sufficiency of the disclosure as required by Practice Book §13-4. That issue has merit. Specifically the amended disclosure sets forth the following:
"Mr. Hyde will further testify that the placement of the drain pipes and floor drains should have been placed beneath the bar or in some other location. Mr. Hyde will testify that it is dangerous, hazardous and improper to locate the drain pipes within the area where employees, patrons or other persons might CT Page 2172 walk."
Nowhere in the disclosure does the plaintiff indicate any industry standard or other standard of care which he claims the defendants or any of them had violated. Jeter, Cook Jepson seeks clarification as to whether the proffered expert will testify as to a violation of the standard of care. The defendants are entitled to this. Thus, the objections are sustained and the motion to preclude is granted unless within 30 days of this order the plaintiff discloses the particular standard or standards of care which it is claimed that each defendant violated and a summary of the basis for the experts' opinion.
 ___________________ McLachlan, J.